In re John L. COLLETTI, Jr., Elaine L. Colletti, Debtors.

**HOUSEHOLD FINANCE CORPORATION,**
Plaintiff,

v.

**Avram N. COHEN, John L. Colletti, Jr., Elaine L. Colletti, Defendants.**

Bankruptcy No. 8100843.

Adv. No. 810407.

United States Bankruptcy Court, D. Rhode Island.

June 29, 1982.

Francis X. Mackey, Providence, R. I., for creditor.

Russell D. Raskin, Providence, R. I., for debtor.

Avram N. Cohen, Providence, R. I., trustee.

## DECISION

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

John L. Colletti and his wife Elaine executed a note on March 2, 1981 to Household Finance Company for a $2,000 loan. In filling out the financial statement which he submitted to Household, Mr. Colletti listed debts owed to State Employee's Credit Union, Greater Providence Trust Company, and Jordan Marsh Company as their only obligations. He failed to include two mortgages to the Telephone Credit Union totaling $55,000, a loan from the Columbian Credit Union for $2,250, and a Small Business Administration disaster loan for $2,150. Across the face of the financial statement Mr. Colletti wrote "We have no other debts." Both Debtors signed the financial statement and the note. This loan involved

---

"fresh cash" only, and the Collettis had not done business with HFC previously.

Mr. and Mrs. Colletti filed a joint Chapter 7 petition on November 6, 1981, listing HFC as a general creditor in the amount of $2,600. On December 6, 1981, HFC filed the instant complaint to determine the dischargeability of the debt in question, pursuant to 11 U.S.C. § 523(a)(2)(B).[1]

In this case there are no serious issues of fact as to whether the financial statement in question is false, or whether it was made with intent to deceive.[2] Both questions must be answered in the affirmative. Also, I find as a fact that if HFC had knowledge of the omitted debts, it would not have made the loan in question. The omissions and misrepresentations are substantial and material. The only real question before the Court is whether the Plaintiff's reliance was reasonable. On the facts in this case I conclude that it was, and that HFC could not have discovered the omitted debts through reasonable, independent inquiry.

HFC's request to have the debt in question declared nondischargeable is granted as to John Colletti, and judgment should enter against him. The Plaintiff has not met its burden of proof as to Elaine Colletti, on the issue of intent, and judgment should enter in her favor.

---

1. § 523. *Exceptions to discharge.*

   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—
   . . . .
     (2) for obtaining money, . . . by—
   . . . .
     (B) use of a statement in writing—
     (i) that is materially false;
     (ii) respecting the debtor's . . . financial condition;

     (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and
     (iv) that the debtor caused to be made or published with intent to deceive.

2. The financial statement (Plaintiff's Exh. B) speaks for itself, and John Colletti admitted on cross-examination that by omitting the debts in question he stood a better chance of getting the loan approved.